
1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| CARLOS CARILLO, | CASE NO. 09cv2676 DMS (WVG) |
|---|---|
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** |
| vs. | |
| COUNTRYWIDE HOME LOANS, et al., | |
| Defendants. | **[Docket No. 9]** |

This case comes before the Court on Defendant Countrywide Home Loans, Inc.'s motion to dismiss Plaintiff's First Amended Complaint. Plaintiff filed an opposition to the motion, and Defendant filed a reply. For the reasons discussed below, the Court grants in part and denies in part Defendant's motion.

**I.**

**BACKGROUND**

On June 21, 2007, Plaintiff Carlos Carillo obtained two loans from Countrywide Bank, F.S.B. relating to real property located in Escondido, California. It appears the purpose of the loans was to refinance Plaintiff's mortgage with a new home loan and a home equity line of credit.

On September 17, 2009, Plaintiff filed a Complaint in San Diego Superior Court against Defendants Countrywide Home Loans and Countrywide Brokerage Arm relating to the loans. In the Complaint, Plaintiff alleged claims for violation of the Real Estate Settlement and Procedures Act ("RESPA"), violation of the Truth in Lending Act ("TILA"), violation of California Civil Code §

1632, violation of California Business and Professions Code § 17200, negligent misrepresentation, fraud, rescission, quasi contract, and determination of validity of lien. Defendant Countrywide Home Loans, Inc. ("Defendant CHL") removed the case to this Court on November 30, 2009.

On December 15, 2009, this Court held an informal conference with counsel concerning Defendant CHL's anticipated challenge to the Complaint. Thereafter, Plaintiff was granted leave to file a First Amended Complaint ("FAC"). Plaintiff filed the FAC on January 13, 2010. The FAC realleges the claims in the original Complaint, and adds the following claims for relief: (1) negligence, (2) aiding and abetting negligence, (3) breach of fiduciary duty, and (4) fraud. The FAC also adds as Defendants Countrywide Bank, FSB and BAC Home Loan Servicing, LP f/k/a/ Countrywide Home Loan Servicing, LP ("Defendant BAC"). In response to the FAC, Defendant CHL filed the present motion.

## II.
## DISCUSSION

Defendant CHL moves to dismiss the FAC in its entirety. It argues Plaintiff has failed to satisfy the pleading requirements for each individual claim.

**A.  Standard of Review**

In two recent opinions, the Supreme Court established a more stringent standard of review for 12(b)(6) motions. *See Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive a motion to dismiss under this new standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

"Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)). In *Iqbal*, the Court began this task "by identifying the allegations in the complaint that are not entitled to the assumption of truth."

/ / /

1  *Id.* at 1951. It then considered "the factual allegations in respondent's complaint to determine if they
2  plausibly suggest an entitlement to relief." *Id.* at 1951.

3  **B.     RESPA**

4        In his first claim for relief, Plaintiff alleges Defendants violated 12 U.S.C. § 2605. This statute
5  concerns servicing of mortgage loans and administration of escrow accounts. The subsection relevant
6  to Plaintiff's claim is subsection (e), which sets out duties of loan servicers to respond to borrower
7  inquiries. These duties are triggered when the borrower sends a qualified written request ("QWR")
8  to the loan servicer. Defendant CHL argues Plaintiff has failed to allege he sent a QWR to Defendant
9  CHL, therefore this claim should be dismissed. The Court agrees.

10       Plaintiff alleges, based on information and belief, that Defendant CHL "received Qualified
11 Written Requests regarding the LOANS from Plaintiff and failed to adequately respond to Plaintiff's
12 requests for information, which would have enabled Plaintiff an opportunity to work out the LOANS."
13 (FAC at ¶ 20.) However, Plaintiff fails to allege that he sent a QWR to Defendant CHL, and he fails
14 to set forth any other facts to explain how Defendant CHL would have received his QWR if he did not
15 send it himself. The allegations against Defendant CHL stand in contrast to those against Defendant
16 BAC, to whom Plaintiff specifically alleges he sent a QWR on April 7, 2009. (*Id.* at ¶ 41.) Absent
17 a similar allegation against Defendant CHL, or additional facts to explain how Defendant CHL would
18 have received Plaintiff's QWR, this claim must be dismissed as against Defendant CHL.[1]

19 **C.     TILA**

20       In his second claim for relief, Plaintiff alleges Defendant violated TILA. Specifically, Plaintiff
21 alleges the Notice of Right to Cancel did not comply with TILA, and the Note and Truth in Lending
22 Disclosure Statement ("TILDS") were deceptive. As a result, Plaintiff seeks damages and rescission
23 / / /
24 / / /
25

---

26     [1] Furthermore, to the extent Plaintiff alleges Defendant CHL violated RESPA during the origination of his loans, he has failed to identify the relevant legal basis for that claim. The only legal
27 basis for this claim is 12 U.S.C. § 2605, and as stated above, that statute applies to servicing of mortgage loans and administration of escrow accounts. It does not concern loan origination. Thus,
28 to the extent Plaintiff alleges a RESPA claim against Defendant CHL arising out of the origination of his loans, that claim is also dismissed.

of the loans.[2] Defendant CHL argues Plaintiff's damages claim is untimely, and therefore should be dismissed. Defendant CHL also argues the rescission claim fails due to Plaintiff's failure to allege tender.

### 1. Damages

TILA provides a one-year statute of limitations that begins to run from "the occurrence of the violation." 15 U.S.C. § 1640(e). Generally, the violation occurs "at the time the loan documents were signed." *Meyer v. Ameriquest Mortgage Co.*, 342 F.3d 899, 902 (9th Cir. 2003). In this case, that date appears to be June 21, 2007. The present case was not filed until September 17, 2009, more than one year after that date. Therefore, Plaintiff's TILA claim is untimely.

Plaintiff attempts to avoid this conclusion by alleging that "Defendants have fraudulently concealed facts upon which the existence of Plaintiffs' [sic] claims is [sic] based, and as such, the statute of limitations is equitably tolled as to this Cause of Action." (FAC at ¶ 46.) The Ninth Circuit has held that fraudulent concealment and equitable tolling may apply to TILA claims. *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986). To properly allege fraudulent concealment, the proponent must allege: (1) when the fraud was discovered; (2) the circumstances under which it was discovered; and (3) that it was not at fault for failing to discover the fraudulent concealment, or had no actual or presumptive knowledge of facts sufficient to put him on inquiry notice. *Baker v. Beech Aircraft Corp.*, 39 Cal. App. 3d 315, 321 (1974). "The existence of such fraud must be alleged clearly and unequivocally, and must not rest upon inferences." *Id.* Equitable tolling, on the other hand, "does not depend on any wrongful conduct by the defendant to prevent the plaintiff from suing." *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000). "Instead, it focuses on whether there was excusable delay by the plaintiff. If a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing suit until the plaintiff can gather what information he needs." *Id.* Here, although Plaintiff invokes both of these doctrines, he fails to allege any facts to support either theory.

///

---

[2] Plaintiff separately stated his rescission claim as his eleventh claim for relief. (*See* FAC at 25-26.) However, it is clear that this claim is based on TILA. Accordingly, the Court addresses Plaintiff's rescission claim in the context of his second claim for TILA violations.

1  Accordingly, the Court grants Defendant CHL's motion to dismiss Plaintiff's TILA claim for damages
2  as time-barred.

3       2.     Rescission

4  Turning to Plaintiff's TILA claim for rescission, Defendant CHL argues that claim must be
5  dismissed because Plaintiff has failed to allege tender. In *Yamamoto v. Bank of New York*, 329 F.3d
6  1167 (9th Cir. 2003), the Ninth Circuit held that courts have discretion "'to condition rescission on
7  tender by the borrower of the property he ha[s] received from the lender.'" *Id.* at 1171 (quoting
8  *Ljepava v. M.L.S.C. Props., Inc.*, 511 F.2d 935, 944 (9th Cir. 1975)). This Court has adopted that
9  approach in other cases, *see Tiqui v. First National Bank of AZ*, No. 09cv1750 BTM (BLM), 2010 WL
10 1345381, at *4 (S.D. Cal. Apr. 5, 2010); *Cook v. Wells Fargo Bank*, No 09cv2757 WQH (NLS), 2010
11 WL 1289892, at *4-5 (S.D. Cal. Mar. 26, 2010); *Greetis v. National City Mortgage*, No. 09cv1502
12 JM (JMA), 2010 WL 695536, at *4-5 (S.D. Cal. Feb. 24, 2010); *Phillips v. Wells Fargo Bank, N.A.*,
13 No. 09cv1486 H (BLM), 2009 WL 3756698, at *5 (S.D. Cal. Nov. 6, 2009), and this Court finds the
14 reasoning of those cases persuasive. In particular, and in light of the facts alleged in the FAC, this
15 Court adopts the approach of *Cook*, which requires "Plaintiffs to plead facts that would establish their
16 ability to tender before [the Court] will reach the substance of their TILA claims." 2010 WL 1289892,
17 at *5. Plaintiff here fails to do so, therefore the Court grants Defendant CHL's motion to dismiss
18 Plaintiff's claim for rescission under TILA.

19 **D.**    **Negligence**

20 Plaintiff's third claim for relief alleges Defendants were negligent. Defendant CHL argues this
21 claim must be dismissed because it owed no duty to Plaintiff. Generally, "a financial institution owes
22 no duty of care to a borrower when the institution's involvement in the loan transaction does not
23 exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Savings*
24 *& Loan Assn.*, 231 Cal. App. 3d 1089, 1096 (1991). Here, however, it is unclear what role Defendant
25 CHL played in Plaintiff's loans. The FAC identifies Defendant CHL as the "Broker" and Defendant
26 Countrywide Bank as the "Originating Lender," but in his opposition to the present motion, Plaintiff
27 asserts Defendant CHL was the broker *and* the lender. (Mem. of P. & A. in Opp'n to Mot. at 10.) If,
28 as Plaintiff alleges in the FAC, Defendant CHL was the broker, it may have had a duty of care to

1 Plaintiff sufficient to support a negligence claim. *See Osei v. Countrywide Home Loans*, ___
2 F.Supp.2d ___, 2010 WL 727831, at *8-9 (E.D. Cal. Mar. 3, 2010) (denying motion to dismiss
3 negligence claim against mortgage broker). Accordingly, the Court denies Defendant CHL's motion
4 to dismiss this claim.[3]

### E. Breach of Fiduciary Duty

Plaintiff's fifth claim for relief alleges Defendant CHL breached its fiduciary duty to Plaintiff. Defendant CHL argues this claim should be dismissed because lenders generally do not have fiduciary obligations to their borrowers. However, Plaintiff does not allege Defendant CHL was the lender. Rather, he alleges Defendant was the broker for his loans. (*See* FAC at ¶ 2.)

"A mortgage loan broker owes a fiduciary duty of the 'highest good faith toward his principal' and 'is charged with the duty of fullest disclosure of all material facts concerning the transaction that might affect the principal's decision.'" *Barry v. Raskov*, 232 Cal. App. 3d 447, 455 (1991) (quoting *Wyatt v. Union Mortgage Co.*, 24 Cal. 3d 773, 782 (1979) (internal quotation marks omitted). Thus, as currently pleaded, Defendant CHL did owe a fiduciary duty to Plaintiff. Accordingly, Defendant's motion to dismiss this claim is denied.

### F. California Civil Code § 1632

Plaintiff's sixth claim for relief alleges Defendants violated California Civil Code § 1632. This statute requires that a foreign translation of certain contracts and agreements must be provided before their execution. *See* Cal. Civ. Code § 1632(b). Defendant CHL argues this statute does not apply to loans secured by real property, therefore Plaintiff's claim must be dismissed. However, the statute applies to "a loan or extension of credit for use primarily for personal, family or household purposes where the loan or extension of credit is subject to the provisions of Article 7 (commencing with Section 10240) of Chapter 3 of Part 1 of Division 4 of the Business and Professions Code," Cal. Civ. Code § 1632(b)(4), which "in turn, applies to certain real estate loans secured by real property that are negotiated exclusively by a real estate broker." *Delino v. Platinum Community Bank*, 628 F.Supp.2d 1226, 1234 (S.D. Cal. 2009) (citing Cal. Bus. & Prof. Code § 10204). Here, Plaintiff alleges that

---

[3] Defendant CHL moves to dismiss Plaintiff's aiding and abetting negligence claim, but that claim is asserted against Countrywide Bank only. Absent a motion to dismiss by Countrywide Bank, the Court declines to address Plaintiff's aiding and abetting negligence claim.

Defendant CHL acted as a broker for both of his loans, therefore the statute applies. Accordingly, Defendant's motion to dismiss this claim is denied.

**G.     California Business and Professions Code § 17200**

Plaintiff's seventh claim for relief alleges Defendants violated California Business and Professions Code § 17200. Defendant CHL argues this claim should be dismissed because Plaintiff lacks standing, and because Plaintiff has failed to plead the existence of an unfair, unlawful or fraudulent business practice.

   1.     Standing

California Business and Professions Code § 17204 sets out the statutory standing requirements for section 17200 claims. It states that individual claims may only be brought by "a person who has suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204. Defendant CHL asserts Plaintiff has failed to allege either of these elements in the FAC, but the Court disagrees. Plaintiff alleges he has sustained "monetary loss, medical expenses, emotional distress, loss of employment, loss of credit, loss of opportunities, attorney fees and costs, and other damages to be determined at trial." (FAC at ¶ 34.) More specifically, Plaintiff alleges he has incurrred "[e]xcessive fees, charges, penalties and interest." (*Id.* at ¶ 35a.) These allegations are sufficient to withstand Defendant CHL's motion to dismiss for lack of standing.

   2.     Unfair, Unlawful or Fraudulent Business Practice

Next, Defendant CHL argues, in conclusory fashion, that Plaintiff has failed to allege Defendant CHL engaged in an unfair, unlawful or fraudulent business practice. However, Plaintiff has so alleged. (*See* FAC at ¶¶ 102-05.) As discussed below, while Plaintiff's fraud allegations do not satisfy Federal Rule of Civil Procedure 9(b), Plaintiff has sufficiently alleged a claim based on unfair and unlawful practices. Accordingly, Defendant's motion to dismiss this claim is granted as to the fraud prong, and denied as to the unfair and unlawful prongs.

**H.     Negligent Misrepresentation and Fraud**

Plaintiff's eighth and ninth claims for relief are for negligent misrepresentation and fraud, respectively. Defendant CHL argues these claims should be dismissed because Plaintiff has failed to plead them with the specificity required by Federal Rule of Civil Procedure 9(b).

The elements of a fraud claim are false representation, knowledge of falsity, intent to defraud, justifiable reliance, and damages. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Unlike fraud, negligent misrepresentation does not require knowledge of falsity or intent to defraud. *Small v. Fritz Companies, Inc.*, 30 Cal. 4th 167, 173-174 (2003). Rather, negligent misrepresentation may be shown when there is a false statement made by "one who has no reasonable ground for believing it to be true." *Id.* (citing Cal. Civ. Code § 1710(2)). However, both fraud and negligent misrepresentation claims are subject to Rule 9(b) heightened pleading standards. *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1141 (C. D. Cal. 2003). A fraud-based pleading satisfies Rule 9(b) if it identifies "the who, what, when, where, and how" of the misconduct charged. *Vess*, 317 F.3d at 1106.

The allegations in the FAC do not meet this standard. Other than Mauricio Berber, (*see* FAC at ¶ 120), Plaintiff fails to identify any specific individual involved in his loans. Furthermore, Plaintiff fails to allege, with specificity, what Mr. Berber told him, or when, where or how those representations were made. Absent compliance with Rule 9(b), the Court grants Defendant CHL's motion to dismiss these claims.[4]

**I.     Quasi Contract**

Plaintiff's twelfth claim for relief is for quasi-contract. Defendant CHL asserts there are no facts to support such a claim against it, therefore the Court should dismiss the claim. The Court agrees that there are no facts alleged to support a quasi contract claim against Defendant CHL. The only allegations specific to this claim relate to Defendant BAC Home Loan Servicing, LP. (*See* FAC at 26-27.) Absent any specific factual allegations against Defendant CHL, the Court dismisses this claim.

**J.     Determination of Validity of Lien**

Plaintiff's final claim is for a determination of the validity of the lien. Although not titled as such, this claim appears to be one for declaratory relief. Defendant CHL argues this claim should be dismissed because the relief sought can be had through Plaintiff's others claims. However, Defendant

---

[4] Defendant CHL moves to dismiss Plaintiff's aiding and abetting fraud claim, but that claim is asserted against Countrywide Bank only. Absent a motion to dismiss by Countrywide Bank, the Court declines to address Plaintiff's aiding and abetting fraud claim.

///

fails to explain this argument. Its simple assertion that it must be so is insufficient to warrant dismissal. Accordingly, the Court denies Defendant CHL's motion to dismiss this claim.

## III.

## CONCLUSION AND ORDER

For these reasons, the Court grants in part and denies in part Defendant CHL's motion to dismiss. Specifically, the Court grants the motion to dismiss Plaintiff's first, second, eighth, ninth, eleventh and twelfth claims for relief. Plaintiff's seventh claim for relief is also dismissed as to the fraud prong, only. As to the remainder of Plaintiff's claims, the motion is denied.

In accordance with Plaintiff's request, Plaintiff is granted leave to file a Second Amended Complaint that cures the pleading deficiencies set out in this Order. Plaintiff is cautioned that if his Second Amended Complaint does not cure these deficiencies, his claims will be dismissed with prejudice and without leave to amend. The Second Amended Complaint shall be filed on or before May 21, 2010. Plaintiff shall also contact the Magistrate Judge's chambers to schedule an Early Neutral Evaluation Conference within 30 days of the filing of this Order, at which time all pretrial and trial dates shall be set.

**IT IS SO ORDERED.**

DATED: May 12, 2010

HON. DANA M. SABRAW
United States District Judge